IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20159
Summary Calendar
_____

DANIEL RAYMOND STOREMSKI,

                                        Plaintiff-Appellee,

versus

JOHNNY KLEVENHAGEN, sheriff, ET AL.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-45
- - - - - - - - - -

March 1, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Johnny Klevenhagen appeals the district court's denial of his motion for summary judgment.  The court held that Klevenhagen was not protected by the defense of qualified immunity in Daniel Storemski's 42 U.S.C. § 1983 suit.  His failure to provide Storemski with his medication and to transfer him to a psychiatric hospital pursuant to court order did not involve discretionary functions.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the denial of a motion for summary judgment *de novo* using the same criteria applied by the district court in the first instance. Reese v. Anderson, 926 F.2d 494, 498 (5th Cir. 1991). The first inquiry in examining a defense of qualified immunity asserted in a motion for summary judgment is to determine whether the plaintiff has alleged "the violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231 (1991). The second step is to "decide whether the defendant's conduct was objectively reasonable" in light of the legal rules clearly established at the time of the incident. Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Storemski's § 1983 claim addressed by the district court in its denial order rests on the allegation that by violating the state-court order, Klevenhagen violated his constitutional rights. A remedial order cannot serve as a substantive basis for a § 1983 claim because such orders to not create "'rights, privileges, or immunities secured by the Constitution and laws.'" Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986), *quoting* § 1983. Remedial decrees "are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights." Green, 788 F.2d at 1123. As a result, Storemski has not established a violation of a "clearly established constitutional right" that would allow recovery under § 1983. The judgment is REVERSED, and the case is REMANDED.